UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| U S A | * | CIVIL NO. 08-0269 |
| VERSUS | * | JUDGE HAIK |
| LAND CAMERON PARISH, ET AL | * | MAGISTRATE JUDGE HILL |

**REPORT AND RECOMMENDATION**

Pending before the undersigned for Report and Recommendation is a determination of title of the owners of compensable interests of a tract of land located in Cameron Parish, Louisiana. The United States of America filed a Title Memorandum on October 29, 2012. [rec. doc. 114]. No opposition has been filed, and the deadline for filing opposition has expired.[1]

On November 1, 2012, the undersigned held a hearing in open court, in which Assistant U.S. Attorney Karen J. King and Terry Michael Hays, Assistant Counsel for the U.S. Army Corps of Engineers, appeared on behalf of the Government. Although notice of the hearing was sent to all parties with known addresses, no one appeared on behalf of the property owners or parties in interest.

For the following reasons, the undersigned recommends that the Court enter judgment finding that the individual Erwin heirs, as opposed to Erwin Heirs, Inc., be recognized as

---

[1] LR 7.5W provides that response to a motion shall be filed within 21 days of service of the motion.

record owners of a 3/7 interest in the subject 22.70 acres of land, more or less, situated in Cameron Parish, Louisiana, and designated as Tract No. 118.

## Background

On February 25, 2008, the Attorney General of the United States, at the request of, and in the name of, the United States Department of the Army (the "Government"), filed a Complaint in Condemnation seeking to take property, consisting of 22.70 acres of land, more or less, situated in Cameron Parish, Louisiana, and designated as Tract No. 118 (the "subject property"), under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest. The public use for which the property was to be taken was for the creation, restoration, protection, or enhancement of coastal wetlands in the Sabine Refuge area and for other such uses authorized by Congress or by Executive Order.

On March 4, 2008, an Order for Delivery of Possession was issued by the Court, putting the Government in possession of the subject property. [rec. doc. 5]. On March 17, 2008, the Government filed a certified true copy of the Declaration of Taking into the conveyance and mortgage records of the Clerk of Court for Cameron Parish as File No. 309805. [rec. doc. 93, ¶ 4].

On July 20, 2011, the U.S. Attorney filed into the record a Certificate of Publication and Mailing certifying that she had caused a copy of the Notice of Condemnation of the subject property to be published for three successive weeks in the *Cameron Parish Pilot*, and

had caused a copy of the Notice of Condemnation to be mailed to the Purported Landowners/Defendants at their last place of known residence. [rec. doc. 89]. Additionally, the U.S. Attorney filed into the record a Certificate for Service by Publication indicating the defendants whose places of residences could not be ascertained or were beyond the territorial limits of personal service prescribed by law. [rec. doc. 88].

On June 4, 2012, the Government filed a Motion for a Title Hearing to determine the interest held by the landowners at the time of acquisition, February 25, 2008, in advance of a determination or resolution as to the issue of just compensation. [rec. doc. 94]. By Order dated June 13, 2012, the undersigned set a hearing and ordered that all defendants/landowners claiming any interest in and to the subject property appear in court to establish their respective right, title, and interest in and to the subject tract as of the date of the Declaration of Taking filed in this action. [rec. doc. 97].

The Government was instructed to serve a copy of the Motion and Order on all defendants/landowners set forth on Exhibit "A" which was attached to the motion. The defendants/landowners or parties claiming in interest in the subject tract were ordered to file a Notice of Ownership Claim with the Clerk of Court setting forth the basis of the ownership interest asserted, together with a copy of all documentation and title evidence in support of such claim.

By Minute Entry dated July 2, 2012, the undersigned reset the Title Hearing and directed the U. S. Attorney to file a copy of the Notice in the record as well as a list of the

parties to whom she was sending notice and their mailing addresses. [rec. doc. 98]. Following receipt of the Notice, several parties filed a Notice of Ownership Interest into the record. [rec. docs. 99, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 115, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126]. On September 13, 2012, the hearing was reset to November 1, 2012. [rec. doc. 100].

On October 29, 2012, the Government filed a Title Memorandum. [rec. doc. 114]. In that Memorandum, the Government stated that the primary issue before the court "is whether a 3/7 interest in the subject property is owned by the legatees of Mason P. Erwin, individually, and their successors, heirs, and assigns, or whether the majority of these individual heirs and legatees conveyed their interests in the subject property to Erwin Heirs, Inc. in 1937." While the Government indicates that there are additional, but less significant, questions of ownership based upon uncertainties in the record title to the various heirs, its position is that these questions might be more efficiently considered once this primary issue is addressed.

## Analysis

Federal Rules of Civil Procedure Rule 71.1(h)(1) provides as follows:

*Issues Other Than Compensation; Compensation*. In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined:

(A) by any tribunal specially constituted by a federal statute to determine compensation; or

(B) if there is no such tribunal, by a jury when a party demands one within the

time to answer or within any additional time the court sets, unless the court appoints a commission.

In an eminent domain case, the jury's function is limited to determining just compensation. *U.S. v. Reynolds*, 397 U.S. 14, 20, 90 S.Ct. 803, 807, 25 L.Ed.2d 12 (1970). The judge, and not the jury, should decide all issues, legal and factual, other than the precise issue of the amount of compensation to be awarded. *Id*.

The court clearly has jurisdiction in a condemnation proceeding brought by the United States government to fix the amount of compensation awarded, and to apportion it among the claimants. *U.S. v. 88.28 Acres of Land, More or Less, Situated in Porter County, State of Ind.*, 608 F.2d 708, 714 (7th Cir. 1979). Moreover, this latter right necessarily includes the power to determine who, among competing claimants, owns the condemned land. *Id*. (*citing United States v. 22,680 Acres of Land* in Kleberg County, Tex., 438 F.2d 75 (5th Cir. 1971); *United States v. Atomic Fuel Coal Co.*, 383 F.2d 1 (4th Cir. 1967)). The customary procedure is for the court to determine the interest of the claimants in the subject property before directing the ascertainment of just compensation. *Atomic Fuel Coal.*, 383 F.2d at 3.

The primary issue before this Court is whether a 3/7 interest in the property, consisting of a total of 22.70 acres of land, more or less, situated in Cameron Parish, Louisiana, and designated as Tract No. 118, is owned by the legatees of Mason P. Erwin, individually, and their successors, heirs, and assigns, or whether the majority of these individual heirs and legatees conveyed their interests in the subject property to Erwin Heirs, Inc., in 1937.

In 2002, the U.S. Department of the Army, Corps of Engineers (the "Corps"), entered into a contract with The Law Office of Michael S. Rolland, LLC, requesting a title guarantee for its Sabine River Diversion Project in Cameron Parish, Louisiana, Tract No. 118. [rec. doc. 114, Government Exhibit A, ¶1, Declaration (the "Declaration") of Michael S. Rolland ("Rolland")]. From 2002-2008, Rolland conducted various title searches on Tract No. 118. [rec. doc. 114, Government Exhibit A, ¶ 4]. Based on his review of the title to Tract No. 118, Rolland issued a policy of title insurance to the Government. Attached to Rolland's Declaration is an Interim Binder on Owner's Title Guarantee (Insurance) Policy dated October 7, 2004 [Exhibit A-1], First Endorsement to the Title Guarantee dated February 8, 2007 [Exhibit A-2], Second Endorsement to the Title Guarantee dated November 29, 2007 [Exhibit A-3], and Third Endorsement to the Title Guarantee dated April 17, 2008 [Exhibit A-4]. Also attached to the Declaration is a chart prepared by Rolland representing the ownership interests of the various landowners. [Exhibit A-5].

Based on Rolland's examination of title for Tract 118, he was "unable to determine/guarantee the individual ownership interest of all owners." [Exhibit A-1, Schedule B, Comment No. 8]. Rolland advised that "[a]ll owners must state and acknowledge ownership interest of their individual interest and all other owners in any transfer of ownership in a deed to the United States; or a judicial determination of all ownership must be obtained and filed of record." [*Id*.].

On June 4, 2012, the Government filed a Motion for Title Hearing. [rec. doc. 94]. By Minute Entry dated July 2, 2012, the undersigned reset the Title Hearing and directed the U.S. Attorney to file a copy of the Notice in the record as well as a list of the parties to whom she was sending notice and their mailing addresses. [rec. doc. 98]. Following receipt of the Notice, several parties filed a Notice of Ownership Interest into the record. [rec. docs. 99, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 115, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126]. No Notice of Ownership Interest was filed on behalf of Erwin Heirs, Inc.

On October 29, 2012, the Government filed its Title Memorandum. [rec. doc. 114]. To assist the Court, the U.S. Attorney's Office requested that the Corps review the title binder prepared by Rolland with the supporting documentation, and the Notice of Ownership Interests filed by the individual landowners. [rec. doc. 114, Exhibit C]. This review was prepared by Terry Michael Hays ("Hays"), Assistant Counsel for the Corps, whose primary responsibility is to examine title binders prepared by outside attorneys, advise and assist on curing title, handle closings and prepare condemnations, on numerous properties in south Louisiana. [rec. doc. 114, Exhibit B].

Following review of the documentation, Hays determined that the Jean Barr Erwin (wife of Mason P. Erwin) chain consisting of a 3/7 interest and the Liskow and Lewis chain consisting of a 1/7 interest were uncontested. [rec. doc. 114, Exhibit C, pp. 1-2]. However, another 3/7 interest or .428571428 was contested. [rec. doc. 114, Exhibit C, pp. 3-11].

7

The contested 3/7 interest involves potential completing claims between most of the Mason P. Erwin heirs and Erwin Heirs, Inc., a family company owned formerly (current status unknown) by the Mason P. Erwin heirs.  Based on the available record, Hays created two just compensation distribution schemes.  Under either scheme, 4/7 of the total landowner interest is uncontested.  The remaining 3/7 interest is subject to competing claims.

## **Factual Findings**

Based on the documents of record, the undersigned finds the following:

1. By Judgment of Possession dated January 26, 1937, forty-seven (47) recognized as residuary legatees under the will of the late Mason P. Erwin. [rec. doc. 114, Exhibit C-1].  These heirs/legatees collectively received an undivided ½ ownership interest in the subject property.  [rec. doc. 114, Exhibit C-2].  This included a 1/7 of ½ for Jean Barr Erwin, leaving 3/7 to the remaining heirs

2. In May, 1937, forty-four (44) of the legatees executed a deed in which they conveyed to Erwin Heirs, Inc. certain properties located in several parishes throughout Louisiana, including property in Cameron Parish.  [rec. doc. 114, Exhibit C-3].

3. The deed transferred all of the 44 legatees' interest "in and to the property of every kind placed in their possession as residuary legatees of the late Mason P. Erwin" in the Judgment of Possession dated January 26, 1937.  [rec. doc. 114, Exhibit C-3].

4. While the deed identified the properties to be conveyed, it did not specifically identify Tract No. 118 in this conveyance.  [rec. doc. 114, Exhibit C, pp. 11-12, Comment No. 3].

5. Jean Barr Erwin, Alma Varnado Burris and Laura Varnado Stringer **did not** convey their property interests received from Mason P. Erwin to Erwin Heirs, Inc.  [rec. doc. 114, Exhibit C, p. 12, Comment No. 3].

8

6. The deed specifically transferred an undivided 40/49 of ½ interest of the property to Erwin Heirs, Inc. [rec. doc. 114, Exhibit C-3].

7. In 1942, Jennings B. Fisher, an Erwin legatee, transferred his interest in the subject property to Willie E. Godwin, another Erwin legatee. [rec. doc. 114, Exhibit A-5 (chart)].

8. In 1986, Erwin Heirs, Inc. bought a portion of the individual ownership. [rec. doc. 114, Exhibit C, p. 13]. The family tree chart refers to a sale from Kenneth Wayne Darnsteadt at COB 642 p. 460, #203801.[2] [rec. doc. 114, Exhibit A-5].

9. On November 6, 2001, Erwin Heirs, Inc. deeded a specific interest in the property to Jacob Allen Darnsteadt. [rec. doc. 114, Exhibit C, Comment No. 3, p. 13].
The family tree chart refers to the sale at COB 940 p. 86 #273_.[3] [rec. doc. 114, Exhibit A-5].

## Analysis

The records reflect that 47 persons were recognized in the Judgment of Possession dated January 26, 1937, as the residuary legatees under the will of the late Mason P. Erwin. [rec. doc. 114, Exhibit C-2]. In May, 1937, 44 of these legatees transferred their interest to Erwin Heirs, Inc. [rec. doc. 114, Exhibit C-3]. This deed purported to transfer the subject property which had been in placed in possession of these legatees by the Judgment of Possession dated January 26, 1937. [*Id.*]. While the deed identified property in Cameron Parish, it **did not** specifically identify Tract No. 118 in the conveyance.

---

[2] Hays opines that this sale from Kenneth Wayne Darnsteadt is presumably the 1986 acquisition referenced in the sale by Erwin Heirs, Inc. [rec. doc. 114, Exhibit C, Comment 5].

[3] The remainder of the number from this transaction is cut off from court's copy of Exhibit A-5.

It is well-settled that, as between the parties, an omnibus designation in a deed is just as effective and binding as though deeded lands were specifically described. *Valvoline Oil Co. v. Krauss*, 335 So.2d 64, 72 (La. App. 3rd Cir. 1976) (*citing Williams v. Bowie Lumber Company, Ltd.*, 214 La. 750, 38 So.2d 729 (La. 1949)); *see also Bergeron v. Amoco Production Co.*, 789 F.2d 344, 346 ("Louisiana's courts of appeal unanimously have held that ominbus designations are as effective as between the parties and their privies as precise and certain descriptions" [citations omitted]).

An omnibus description does not, however, provide adequate notice to third parties. *Id*. In *Williams, supra*, the Louisiana Supreme Court held that the language "all of the property owned by [vendor] in the Parish of Lafourche," excepting certain defined tracts, was sufficient, as between the parties, to convey property owned by the vendor which was not specifically described in the various deeds.

While it is unclear whether the language in the original transfer to Erwin Heirs, Inc. is an omnibus clause or an ambiguity in the transfer (*see*, *i.e.*, *Williams v. Williams*, 586 So.2d 569, 570-71 (La. App. 2nd Cir. 1991)), other facts establish that the contested 3/7 interest in the subject property is owned by the individual legatees, rather than Erwin Heirs, Inc.

In May, 1937, all of the 44 legatees' interest "in and to the property of every kind placed in their possession as residuary legatees of the late Mason P. Erwin" in the Judgment of Possession dated January 26, 1937. [rec. doc. 114, Exhibit C-3]. The deed was authorized by corporate Resolution signed by Willie E. Godwin, President of Erwin Heirs, Inc. [rec.

doc. 114, Exhibit C-3]. In 1942, Jennings B. Fisher, an Erwin legatee, transferred his interest in the subject property to Willie E. Godwin, another Erwin legatee.[4] [rec. doc. 114, Exhibit A-5 (chart)]. This indicates that at least two legatees believed that the subject property was not owned by Erwin Heirs, Inc. Further, Erwin Heirs, Inc. also bought a portion of an individual ownership interest in 1986. [rec. doc. 114, Exhibit C, pp. 12-13].

The undersigned notes that although Erwin Heirs, Inc., was notified of the Title Hearing, it failed to file a Notice of Ownership Interest as directed by the Court. Additionally, the record reflects that Erwin Heirs, Inc. bought an interest in the subject property from an individual heir. It appears unlikely to the undersigned that Erwin Heirs, Inc. would have purchased an interest in property which it believed it already owned.

Accordingly, the undersigned finds that the Erwin heirs, as individual legatees, own the 3/7 interest in dispute.

## **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the Court enter judgment designating the Erwin heirs, individually, as record owners of the disputed 3/7 interest in the subject property consisting of 22.70 acres of land, more or less, situated in Cameron Parish, Louisiana, and designated as Tract No. 118.

---

[4] It is unknown whether this Willie E. Godwin is the same as the William E. Godwin who is President of Erwin Heirs, Inc. However, this fact would give even stronger support to the Government's contention that Willie E. Godwin knew that the corporation did not own the interest conveyed by Jennings B. Fisher.

The undersigned further recommends that the Court direct the parties to prepare a Judgment consistent with the findings herein.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

November 16, 2012, Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 11-16-2012
By: MBD